case number 19 6347 John Does v Deborah Haaland at all argument not to exceed 15 minutes for the appellant and 15 minutes to be shared by the appellees Mr. Robert Barnes you may proceed for the appellant uh thank you uh for the court to the honorable court I'm Robert Barnes I represent the John Does I would request a four minutes for reply all right you may proceed thank you your honor the this case involves a unprecedented question which is whether the westfall act expanded congressional immunity to effectively make election to congress a license to libel in this particular context several facts are pertinent at this pleading stage of the case I represent a group of minor children kids from Covington Kentucky who were defamed by the two defendants leading to their doxing leading to threats to dismissal from their school denial of admissions to college and ultimately death threats that require them to take extraordinary private security action the senator Warren made her did not make her statements in the senate to the senate or at the senate nor were her statements concerning any matter pending before the senate either legislation or hearing or investigation nor were senator Warren's comments in response to any press inquiry or about herself personally in the same capacity congresswoman Haaland also like senator Warren sued in her personal capacity not her official capacity also made did not make her statements about the plaintiffs either in the house of representatives to the house of representatives or at the house of representatives nor was it not a speech and debate clause case why would it be unusual for congress to exempt itself from any potential liability congress is pretty good at exempting themselves from a lot of laws frankly like why why would it be unusual that they exempted themselves here like they did a whole there would be two unique aspects of it your honor first would be that the u.s supreme court in interpreting the westfall act did not interpret the act as expanding uh immunity it interpreted according to the limonio case at 515 us 417 the u.s supreme court said the act was simply to quote federal employees to the status they held prior to the westfall decision that is why the speech debate clause jurisprudence has relevance congress might have uh decided to try to expand and include their liability for personal liability that's what i believe is unique here is that the scope and scale of the immunity determined by the district court was not limited to official duties or legislative duties it basically made it so that congress was saying we're now personally immune from any personal torts we commit even when we're sued in our personal capacity uh even if uh it doesn't relate to legislative duties now the question of could they have done so our first argument is that they did not in fact do so here there's no legislative for a member for a representative member of congress legislative duties probably sweeps quite broadly uh i mean not only is virtually any issue an issue that could come before them but because they run for election even personal matters are sort of part of their part and parcel there of their duties i mean it's kind of hard to draw the line on what where would you draw the line on when those those duties end and something is no longer covered by the act uh yes your honor there we believe jurisprudence like the proxmire case from the u.s supreme court is very helpful uh at the proxmire case which is 443 us 111 at page 133 went into an extended conversation about what is really part of the legislative process and what it noted was that informing the public is not part of the legislative process so they said be and in particular this related to the decision they had made in the gravel case that's that's that's hard to believe i mean certainly members of congress have the right to uh i mean this is what they do and now we have social media so they do it even more frequently but that's that's a pretty critical feature um of their job i suppose there maybe there's not much public or legislative interest in the matter that happened uh in washington i think it was lincoln memorial um i could see drawing the line there that that this this matter really had nothing to do with policy or legislative business or election yes your honor and in fact the only decision cited by the usually response to a press inquiry about a matter of either proposed legislation pending legislation uh a investigative hearing concerning legislation or something about the congressman personally that related to their re-election and was concerned of concern to their constituents in this particular context uh that is not what happened the statement wasn't limited to constituents it wasn't concerning pending or proposed legislation it wasn't concerning the operation rescue case which was the first case to make this sort of expansive interpretation all these being out-of-circuit cases uh related to this circuit noted that if the if the statements by senator kennedy had been gratuitous in other words not in response to a press inquiry and made purely for or had a personal motivation uh for uh personal enhancement then the statement likely would not have been subject to immunity uh here that's where i think there has to be some limits if there's no limits then essentially election to congress gives a degree of personal immunity uh that no act has previously done uh in addition in that capacity or in that context uh we have also the kentucky law that the district court did not fully address uh which a deal which dealt with it which was consistent to this court's decision in coleman which outlined the uh the scope of a duty relating to where the statement was made when the statement was weighed whether it furthered the purpose of the employer uh and in this context in kentucky in particular aside from generally saying that should be a scope of duty should be a jury question it noted that if it was to advance a personal interest if the statements had a motive that deviated from the official interest of the employer then it was and it was an intentional tort then there was no longer within the scope of the duty for those purposes that corresponds to logic used by the proxmire and gravel court as well as to the operational rescue decision which says we have to evaluate motive that's often going to be a jury question at least a discovery question and that was the other reason we believe that the case should have moved past the pleading stage of the case your friend on the other side might say that there was in this change that happened in washington that there was some discussion about the wall whether that was a good or bad that good or bad idea that that some people may have been wearing hats that had a political affiliation and that there may have been discussion of some public policy matters so why doesn't that sweep this into something that touches upon legislative do legislative issues or something something touching public policy that you'd expect a member of congress to be speaking about well two parts there your honor one is i see that more as a summary judgment question in other words if they could show that the issue concerned some matter of pending legislation or proposed legislation and that was their nexus was to tie it into the wall and if that was the motivation for the person's statements then they might be able to prevail at the summary judgment stage on the immunity question the scope of duty question but not at this preliminary stage where our allegation is that it totally concerned private matters of private citizens in this case minor children from kentucky uh that was about attacking them personally and denying them uh the benefits of things like public the goal was to deny them actually college admissions in terms of the social media lynch mob that formed around the two defendants uh which they also lead council would you concede that the defendants were commenting upon areas of public interest and that those areas of public interest might wind up as subject of legislation before the congress not at this stage your honor i believe they may have an argument on that that may they may be able to establish by the summary judgment stage but it's our contention that they were making statements about these private citizens concern to people in kentucky with the purpose the motive not to impact any degree of legislation but rather to hurt these individuals and to elevate themselves personally uh in terms of celebrity reputation uh presidential campaign maybe in the case of senator warren but not for the purpose of any proposed or pending legislative matter all right do you have anything further i'll reserve the bulk of my time here for the remainder of my time your honor for reply all right we'll hear from from opposing council may it please the court uzoma and quanta on behalf of senator elizabeth warren i will address the grounds for a dismissal below including sovereign immunity and the federal tort claims and counsel for congresswoman holland mr brooks hanner will address the alternative grounds for for dismissal all right i'll start off um with a question that judge radler raised which i think goes to the crux of this matter and highlights the fundamental flaw in the john doe's argument the question was whether this is a speech or debate clause case and the answer is of course it is not um this case in the district court's order was driven by the application of unambiguous terms of the federal tort claims act and the westfall act which uh amended the federal tort claims act now the john doe's arguments are completely untethered to the actual statutory language and when you look at the statutory language it's clear first of all that the act applies to members of congress even before looking at the definition of employee i'll point out that of all of the courts that have actually considered the application of the westfall act to members of congress they have all universally found that the westfall act applied to members of congress now if you want to get into the statutory language the westfall act specifically refers to employees and that's in section 2679 and in section 2671 that's 28 usc 2671 the statute defines employees to include both employees and officers of both the executive branch and the legislative branch in other words there has been no dispute among courts deciding this issue as to whether it applies to members of congress and the statute i mean we agree with you that it does apply is there another case that has applied the rule in this context i mean we have we have the case you have the case fifth circuit but the case where the candidate's going to be on the ballot and he has a marital issue and wants to speak about that we have senator kennedy speaking about i think abortion issues which are pretty prominently in the news and certainly a legislative matter but it's a little different than that this was you know sort of a dispute between a couple of private citizens not something that was going to be over did happen in washington but i don't know that that matters what is there a case that speaks to these facts i think a number of cases uh speak to these facts although the cases obviously involve different factual scenarios but i think all of the cases demonstrate that the that the nexus between the the allegedly defamatory statements and the scope of employment is not necessarily one that has to arise from from legislative duties on the house or senate floor so so if we look at if we look at the the um the the cast ballinger case for instance council for american islamic relations the ballinger there um congressman ballinger made statements regarding to a reporter regarding his marital separation and and in discussing his marital separation he allegedly made defamatory statements about council for american islamic relations now the nexus that the districts that the dc circuit drew in that case was that his ability to explain his marital separation allowed him to become more effective or allowed him to preserve his effectiveness as a legislator because those were issues that his constituents would be have found members of congress to be acting within their um scope of employment this case actually comes much closer to legislative acts and for a couple of reasons that are actually identified in the john does complaint for one the john does accuse senator warren and congresswoman holland of implying that they were chanting build that wall or build the wall toward a native american of course the phrase build the wall implicates a specific policy relating to the construction of a border wall along the southern border of the united states and that specific policy had been before congress and had been disputed had been a source of debate for quite a while specifically with respect to the funding of the wall so it's not unexpected nor is it unusual that a member of congress would weigh in on on individuals did the tweet say anything about the wall in it sorry it wasn't our tweet was our tweet itself that commented on this and did that tweet itself say anything about the wall the tweet itself did not say anything about the wall the tweet linked to a video in which the native native american elders accused the students of chanting build that wall and then the senator warren's tweet stated that um the the elder nathan phillips endured hateful times with dignity and grace and but there any is there any what are the limits what are their what what's what's beyond what what's outside the act westfall act is there is there anything maybe it's sometimes determined by state law and state law might vary from state to do uh what can't they say as i as i sit here today you know one thing that would come to mind is if a member of congress went into a restaurant for instance and said that uh the food is undercooked you know or or stated something personal that was entirely personal that had nothing to do with with any matters of public interest or any matters before congress or had nothing to do with advancing their um their ability to remain effective notwithstanding that i we fully accept that at some point the court is going to have to define the boundary between what's within the scope of employment and what's not and and the immunity cannot be limitless we accept that however this is not the case to define that plaintiff's allegations the john does allegations is squarely within the sphere of conduct that's within the scope of employment of a member of congress you not only have the build the wall references which implicate specific policies you also have the alleged harassment of a native american elder and it's no secret that congresswoman holland and senator elizabeth warren have been intimately deeply involved in issues relating to native american rights and and have proposed legislation uh co-sponsored legislation on on those issues as well so we we have issues um that are directly related to the the the interests of their constituents and that are directly related to their scope of employment is there a reason why these issues could be resolved at this level as opposed to a little bit of factual development all the things you just said may well be true that this may have been motivated by immigration policy and policy towards native americans but sometimes those are fact issues is there a reason why because this is a jurisdictional issue that for sovereign immunity that we should be that these issues routinely should be resolved at the threshold level yes your honor these issues should be resolved at the threshold level because the westfall act and the immunity it confers it's not just an immunity against liability it's also immunity against suit and against the burden of suit and defending against that suit so to engage in discovery as opposing counsel suggests would would elevate the assessment of the immunity itself in a way that would undermine the purposes of the westfall act to begin with and the dc circuit actually rejected the the the approach that opposing counsel suggests here in what a rich v myrtha where where plaintiff's counsel sought to engage in discovery in order to in order to develop evidence um that would uh demonstrate that the legislator was acting acting in his personal interests what what plaintiff's obligation is here is to identify or present allegations to show that this was outside the scope of their employment and they have not done something anything different i mean the point you made about immunity sue we hear quite a bit in qualified immunity cases yet we allow quite a few of those cases to go to summary judgment they often do get resolved there but is there something unique about um sovereign immunity for federal employees that would require that we are more likely to decide a case at the threshold level as opposed to a sort of run-of-the-mill qualified immunity case for a state officer yes well in addition to the fact that it grants and in addition to fact that it provides me to federal officials it's also jurisdictional and and if if the plaintiffs cannot demonstrate based on their allegations that their their claims fall within an exception to the ftca or their claims are not covered by the westfall act then the court lacks subject matter jurisdiction um over these disputes and and the court is required to address subject issues of subject matter jurisdiction at the threshold level or wading into the merits so in addition to the burden that it imposes on on the federal employees it's also a jurisdictional issue that this court must confront at the outset and before i see that i see that my time is uh is almost up and um before council um does this cover any uh tweet or posting that relates to anything that's of public interest even if there's no legislation at issue i don't necessarily think it always goes that far i think i think what would be missing from from such a hypothetical is the nexus between the communication and the and the legislator's scope of employment so i don't think it's necessarily the case that that every single tweet about an issue that may be of interest to the public is is covered by immunity but i think it's the case that when there is that nexus between the communication and the scope of employment um that that then determines whether the immunity applies and that's determined on a case-by-case basis but but i i mean if you take out this fill the wall business does that affect your position is it dependent on the fact that they supposedly said that i think you also have the the native american elder and the harassment of the native american elder which also implicates um their legislative agendas as well but if you in making america great again hats you take out the build the wall you take out the harassment of the native american elder i think you have a different case and that would require a different analysis of the surrounding facts and the nexus there but it's it's difficult as we sit here to see what would be left of that tweet if you take out all of those different elements so if let's say legislators were tweeting about what happened in buffalo um or what's happening anywhere is that protected i think it can be i think it as it depends on the nature of the tweet and it depends on on which legislation which officials are are are posting the tweet so you know without additional facts for the hypothetical i'll give i'll add an example if there was a tweet that said the uh gentleman in buffalo was a was planted there for instance would that by itself constitute a a communication that's protected by the westfall act based on those facts alone i don't necessarily think it would i think what's missed what would be missing from that hypothetical is the nexus again between the claim against that individual and and the the scope of we have done is we have demonstrated that nexus because it is clear from the facts of this even from plaintiff's complaint even from the john doe's complaint that there is a nexus between the scope of employment of legislators and and the acts that were that were at issue here now again there is a fine line to be drawn so that this immunity does not become limitless and that is something that a court and this court even may be called upon to do at some point but this case is not the the avenue to draw that line because this case is so far along and it's it and it's so clear the nexus between senator warren's tweet or congresswoman holland's tweet and the government policies implicated especially building the wall on the southern border the harassment of the native american elder that is formed the basis of the district court's opinion and that's evident from from the face of the complaint and drawing that border and that distinction between limitless immunity and the scope of employment is an issue that that is not um it does not drive the outcome of this case and lastly before um i turn it over to to um mr hanner i just want to also point out that the fact that there may have been some personal motivation here doesn't not without conceding that there was the fact that there have been some personal motivation does not take this case outside the scope of employment does not take this outside the westfall act numerous courts have recognized including the dc circuit and the first circuit and district of massachusetts numerous courts have recognized that the personal motivations and the scope of employment of a legislator are not subject to neat separation such that it is not unusual for a legislator a member of congress to believe that their personal success their re-election or their serves their constituents if they did not believe that then they likely would not be um running for office so for all those reasons we ask that this court affirm the district court's ruling and i will turn over the rest of my time to mr hannah thank you mr hannah thank you your honor and may it please the court my name is brooks hanner and i represent congresswoman deborah holland of the first congressional district of new mexico briefly to piggyback on mr and quanta's arguments congresswoman holland agrees with senator warren's legal arguments on sovereign immunity which apply equally to congresswoman holland one of the first native american women members of congress who was sued here for her comments we have a highly politicized confrontational rally in washington dc as indicated in our brief i'm sorry your honor i'm having a little bit of internet problem would you mind repeating your question we you did you did have a problem but you're back you're back now you're good okay okay i i've been having problems throughout so please jump in if i'm choppy uh as i was saying as indicated in our brief she made these comments within the scope of her office as an elected member of congress and she is therefore immune from john doe's suit and i would like to pick up on a about the difference between qualified immunity and absolute immunity under the westfall act this was discussed by the dc circuit in mirtha at page 386 and the supreme court in osborne versus haley at 252 to 53 which is that the immunity under the westfall act provides absolute immunity from common law tort claims unlike qualified immunity which as the court explained in osborne makes it all the more important for a court to deal with immunity issues as soon as possible lest the protections of the immunity dissipate while the court's considering the issue unless the court has further questions about that topic i'd like to briefly cover why the court can also affirm for lack of personal jurisdiction although i'll focus on congresswoman holland and her tweets the same legal framework would apply to senator warren and her tweets the john does have failed to plead jurisdictionally sufficient facts because congresswoman holland's tweets which do not mention kentucky name any kentucky resident refer to conduct that took place in kentucky or call upon kentuckians to take any action are her only relevant connection to the commonwealth of kentucky although the district court did not reach this issue the lack of it presents no complex questions of state law under kentucky law a plaintiff who wants to sue an out-of-state defendant must first comply with kentucky's long-arm statute this personal jurisdiction analysis entails a two-step process first a court must determine whether the cause of action arises from the type of conduct enumerated in the long-arm statute and if the answer is yes second whether the exercise of rights this second step is not necessary if a plaintiff cannot first show that the long-arm statute has been satisfied the long-arm statute imposes a stricter jurisdictional limitation than the federal due process clause here john does have failed at step one of this analysis their complaint includes no allegations that congresswoman holland has traveled to kentucky operates a business in kentucky drives revenue from business activity in kentucky owns property there or undertakes any regular activity there nor does the complaint allege importantly that she sent her tweets from kentucky john doe's complaint shows they're attempting to sue congresswoman holland in kentucky based only on communications that were not sent from kentucky you can see she could be sued in new wealth uh i think more discovery would have to be undertaken if that were an issue um but the way that john does have pleaded their complaint there are no allegations that congresswoman holland was in kentucky therefore there's no jurisdictional basis to hail her into court here the allegations that she caused effects in kentucky right correct your honor um might be sufficient under the long-arm statute if she also conducted business in kentucky or undertook regular activity there but um if in a situation like this where a defendant has no other connection than the allegedly injurious act that's not enough to satisfy to among other cases uh doe versus griffin which was written by judge bertelsman the judge who issued the order that john does now appeal which cited numerous cases for this principle i think you're out of time counselor thank you your honor thank you very much uh we'll hear rebuttal if there is any uh thank you your honor uh first is to the personal jurisdiction question the allegation here is consistent to the calder case but it goes beyond that the allegation is that each of the defendants made statements directed at kentuckians to can we're sent to kentuckians your twitter pay you can limit who you communicate to if you want they chose not to they had many kentucky followers both of them uh communicated about kentuckians uh directing it at kentucky noting that the the where they were from is referenced in the article in the attachment of the tweet uh and calls for bad things to happen to them uh is relevant right directly in kentucky so it's not just a matter of causing effects in kentucky it's intent according to the allegations of the complaint it's intending to cause those effects in kentucky and under both kentucky law and due process jurisprudence in kentucky the tort of defamation occurs there if someone intends to have the action take place in other words if they either send communications there uh intend to cause the effects not just happen to cause the effects and that's consistent with also due process jurisprudence best way to think of it is if i'm across the state line and i take a rock and i throw it across the state line and i hurt somebody in that process i don't get to say well no i was standing on the tennessee border when i did that uh that is not the law in kentucky or country secondly as to the issues the big core issues of the big question that does the westfall act apply in almost a limitless manner and the way the district court effectively enforced it there the kentucky supreme court's decision in blair is particularly pertinent and it is consistent uh the blair decision can be cited 172 southwest third 361 uh kentucky supreme court 2005 at page 309 they discuss this in about personal motive when the uh whether a person deviated from their legis from their official purpose in this case the legislative purpose in any level then that is uh and it's an intentional tort that's alleged then they're not immune it's not within the scope of their duty uh i don't believe that the uh scope of duty laws were the same in dc or massachusetts though i would note the district court in massachusetts went out of its way to say that statement by senator kennedy was not made gratuitously it was made in response to a who are going to report back to his constituents and it did concern a matter of proposed legislation uh the key question is so i want to ask you the same question so if the if legislators were out tweeting about what's going on all over our country are those tweets covered or not no your honor our position is just because it's a matter of public interest that they may be but even if it was a matter of public interest that is not sufficient to give them immunity it still needs to be uh have a nexus to a legislative purpose so for if it's about pending legislation proposed legislation so for example aspects of the george floyd case are are there's federal pending legislation concerns uh so their commentary makes sense uh the buffalo case i think would be trickier i think if they deliberately lied uh like i believe the president may be misrepresentation uh you make it you make it sound like a congressperson could confer uh immunity on themselves by introducing introducing a bill in congress well my view your honor is that the proxmire gravel set of decisions for determining scope of duty in the speech and debate clause context provides our best guidance and so i would i would go further than that i i would not say that just introducing legislation would be sufficient and then if they if the statement did not have a nexus to true legislative purpose so uh is my own view now i think as a practical matter under the current interpretation of the statute that they they likely could immunize themselves simply by proposing legislation that's why i believe the proxmire uh set of decisions by the u.s supreme court uh with the gravel decision and that's consistent with how they interpreted the westfall act they interpreted the westfall act as just restoring the immunity that previously existed not expanding it and to go to that question that it would raise constitutional questions here by for example we don't even have the attorney general certifying this was within the scope of the duty that's a unique factor about this case they didn't even request it they didn't even ask the court to determine it presumably because they knew the attorney general would say it's not within the scope of the duty but that particular executive check on the process was not employed here and i think is also a pertinent factor but in the broader context there are constitutional questions as the chastain sunquist chastain v sunquist decision raised about could they do what your honor is talking about could they just basically personally immunize themselves could they personally immunize themselves from crimes as long as they just propose legislation concerning my bribery on june 22nd 2009 i think not i think that the proxmire line of logic that it really to a legitimate legislative purpose is the meaningful limit we have to have for scope of duty and i would note other state supreme courts applying it scope of duty in the legislative context like the blazer decision in montana they similarly said it needs to be connected to a legislative duty statement made on the legislative floor a statement made in the capacity of true legislation if there was a personal motive going back to the blair kentucky supreme court decision like the fact scenario your honor is describing they would not be immune because they have a personal motive that deviates from the legislative purpose and as an intentional tort would not be immune all right does that complete your argument uh yes your honor okay thank you very much and the case uh is submitted and that that concludes our proceedings